**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| FLEXSHOPPER, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO.  2:24-CV-00795-JRG |
| | § | |
| KATAPULT HOLDINGS, INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (the "Motion")

filed by Defendant Katapult Holdings, Inc. ("Defendant").  (Dkt. No. 78).  In the Motion,

Defendant moves to transfer this case to the United States District Court for the District of

Delaware ("District of Delaware").  (*Id*. at 1).  Having considered the Motion and its related

briefing, and for the reasons stated herein, the Court finds that the Motion should be **DENIED**.

## I.    BACKGROUND

On the January 9, 2025, Plaintiff FlexShopper, Inc. ("Plaintiff") filed its First Amended

Complaint for Patent Infringement (the "FAC") against Defendant (collectively, the "Parties").

(Dkt. No. 39).  In the FAC, Plaintiff accuses Defendant of infringing five (5) patents: U.S. Patent

No. 10,089,682; U.S. Patent No. 10,282,778; U.S. Patent No. 10,891,687; U.S. Patent No.

11,966,969; and U.S. Patent No. 12,067,611 (collectively, the "Asserted Patents").  (Dkt. No. 39 ¶

4).  The Asserted Patents generally relate to facilitating e-commerce transactions on a rent-to-own

basis.  (*Id*. ¶¶ 18-22).  The FAC alleges that Defendant gained access to, and knowledge of, the

Asserted Patents "at least" as part of a "Potential Transaction" between the Parties in or around

July of 2022.  (*Id*. ¶¶ 53-62).  The FAC further alleges, and both Parties agree, that the Parties

entered into a non-disclosure agreement as part of this "Potential Transaction" (the "Agreement"). (Dkt. No. 39 ¶¶ 53-62; Dkt. No. 78 at 1; Dkt. No. 82 at 1).

Defendant moved on April 30, 2025 to transfer venue because the Agreement states that it shall "be governed by and construed in accordance with, the laws of the State of Delaware," and that "any litigation arising hereunder or in connection with the matters contemplated hereby" shall be governed by "the exclusive jurisdiction" of Delaware courts. (Dkt. No. 78 at 4).

## II.    LEGAL STANDARD

### A.  Enforceability of an FSC

In determining whether to transfer a case pursuant to a forum selection clause ("FSC"), a court must first determine whether the FSC is mandatory or permissive. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770-71 (5th Cir. 2016). "Once a court makes this determination, it must then decide whether the [FSC] applies to the present case." *XY, LLC v. Trans Ova Genetics, LC*, No. W-16-CA-00447-RP, 2017 WL 5505340, at *2 (W.D. Tex. Apr. 5, 2017) (citing *Weber*, 811 F.3d at 770-71). "This involves two separate inquiries: (1) whether the contract is valid and the [FSC] is enforceable; and (2) whether the present case falls within the scope of the [FSC]." *Id.* (citing *Weber*, 811 F.3d at 770). The enforceability of an FSC is determined by federal law, under which FSCs "are presumptively valid and should be enforced unless shown to be unreasonable under the circumstances." *XY, LLC*, 2017 WL 5505340, at 2 (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 962, 963 (5th Cir. 1997).

The Court of Appeals for the Federal Circuit (the "Federal Circuit") held that an FSC in an NDA did not apply to patent claims in *Kannuu Pty Ltd. v. Samsung Elecs. Co.*, 15 F.4th 1101 (Fed. Cir. 2021). There, the court held that "[a]n adjudication of patent infringement allegations or a patent's validity are patent-centric considerations." *Id.* at 1109. Accordingly, "the mere possibility of some factual relevancy between the allegations of breach of [an] NDA and potential evidence"

2

is insufficient to find such patent claims "within the scope of an agreement that was always about protecting confidential information and was never about patent rights." *Id.* at 1109. The applicability of an FSC can also arise when a defendant asserts a patent defense based on an agreement. *See, e.g.*, *Zix Corp. v. Echoworx Corp.*, No. 2:15-cv-01272-JRG, 2016 WL 7042221 (E.D. Tex. June 9, 2016). The Federal Circuit has held that an FSC applies if the nexus between the case and the agreement at issue is "non-frivolous." *Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011) ("*GPG*").

### B. Venue Transfer under 28 U.S.C. § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *Viking Techs., LLC v. Assurant, Inc.*, 2021 WL 3520756, at *1 (E.D. Tex. June 21, 2021) (quoting *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960)). If this threshold burden is satisfied, the party seeking transfer must then establish that transfer is warranted in the interest of convenience.

In evaluating a motion to transfer pursuant to § 1404(a), the Court considers the Fifth Circuit's non-exhaustive list of private and public interest factors. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen II*"). The private interest factors include: (1) "the relative ease of access to sources of proof," (2) "the availability of compulsory process to secure the attendance of witnesses," (3) "the cost of attendance for willing witnesses," and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." (*Id.*). The public interest factors include: (1) "the administrative difficulties flowing from court congestion," (2) "the local interest in having localized interests decided at home," (3) "the familiarity of the forum

with the law that will govern the case," and (4) "the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Id.*

The presence of a valid and applicable FSC requires district courts to adjust their usual § 1404(a) analysis in three ways: First, the plaintiff's choice of forum merits no weight. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 63–64 (2013). Second, a court evaluating a defendant's § 1404(a) motion to transfer based on an FSC should not consider arguments about the parties' private interests. *Id.* Third, when a party bound by an FSC flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules. *Id.*

## III.   DISCUSSION

### A.  Threshold under § 1404

As a threshold matter, the Court must first determine whether this case could have been brought in Delaware. *Viking Techs., LLC*, 2021 WL 3520756, at *1. This threshold matter is undisputed by the Parties. (Dkt. No. 78 at 7-8); (Dkt. No. 82 at 12 n.7).

Accordingly, the Court finds that the threshold requirement for transfer under § 1404(a) has been satisfied. The Court next moves to determining the applicability of the FSC.

### B.  Applicability of the FSC

In determining the applicability of the FSC, the Court must first determine whether the clause is mandatory or permissive. *Weber*, 811 F.3d at 768. "A mandatory FSC affirmatively requires that litigation arising from the contract be carried out in a given forum." *Id.* Next, the Court examines whether the FSC is valid. *Id.* at 70. Finally, if the FSC is valid, the Court next determines whether it applies to the present case, which is a question of federal law. *See Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 301–02 (5th Cir. 2016).

### 1.  Whether the FSC Is Mandatory

Defendant urges that the FSC must be interpreted and is mandatory under Delaware law. (Dkt. No. 78 at 4, 6-8). Plaintiff raises no dispute in its briefing.

Accordingly, noting the lack of dispute and the plain text of the Agreement requiring interpretation and exclusive jurisdiction under Delaware law, the Court finds the FSC is mandatory. (Dkt. No. 78-2 ¶ 17); *Germaninvestments AG v. Allomet Corp.*, 225 A.3d 316, 327 (Del. 2020); *see also Weber* at 768-70.

### 2.  Whether the FSC Is Valid

Next, Defendant argues that the FSC is valid, correctly reasoning that FSCs are "presumptively valid" under Fifth Circuit precedent. (Dkt. No. 78 at 9-10); *Weber* at 774. Plaintiff disagrees, insisting that the Agreement expired in 2024, rendering the FSC invalid. (Dkt. 82 at 6-7). As support, Plaintiff cites *Innovative Display Techs., LLC v. Microsoft Corp.*, 2014 WL 2757541, at *1 (E.D. Tex. June 17, 2014). (*Id.*) However, in that case, this Court did not find the FSC invalid because the related license expired. Rather, this Court found the scope of that agreement was not "***applicable*** to [the] patent infringement claims" at issue.  (*Id.*). (emphasis added).

Accordingly, the Court finds that Plaintiff has failed to overcome the presumption of the FSC's validity and finds that this FSC is valid.

### 3.  Whether the FSC Applies

The Parties disagree as to whether Plaintiff's claims and Defendant's defenses fall within the scope of the Agreement. Defendant argues that Plaintiff's willfulness claims and Defendant's defenses thereto fall within this scope because the FAC alleges that Defendant acquired knowledge of the patents under the NDA and because deciding that defense will require interpretation of the Agreement. (Dkt. No. 78 at 10-14; Dkt. 83 at 1-4). Plaintiff argues that both its claims and

Defendant's defenses are not sufficiently related to the agreement because resolving them does not require interpreting the NDA.  (Dkt. No. 82 at 6-11; Dkt. 85 at 1-3).

Notably, neither party asserts that the Asserted Patents themselves are covered by the Agreement.  A plain reading of the Agreement does not lead the Court to conclude otherwise.  "As such, even if the existence of and the parties' knowledge of the Agreement were relevant to determining willful infringement, the Agreement—on its face—does not put [Defendant] on notice that its actions may infringe the Asserted Patents."  *Saint Lawrence Commc'ns LLC v. Amazon.com, Inc.*, No. 2:19-CV-00027-JRG, 2019 WL 2904756, at *4 (E.D. Tex. July 5, 2019) (citing *GPG*, 651 F.3d at 1359).  Indeed, "[a]ny inference of a subjective intent by [Defendant] to infringe the Asserted Patents would require one to look beyond the Agreement itself.  As such, the provisions of the Agreement and the parties' knowledge thereof are at most tangential to the instant lawsuit." *Id.*; *see also Rovi Guides, Inc. v. Comcast Corp.*, No. 216-cv-00322-JRG-RSP, 2016 WL 6217201, at *3-4 (E.D. Tex. Oct. 25, 2016) ("Courts must be mindful, however, of extending a broadly-worded forum-selection clause too far, such that every subsequent dispute between contracting parties triggers a forum-selection clause when the agreement is raised as a defense.").

Further, the Court finds *Kannuu Pty Ltd. v. Samsung Elecs. Co.*, 15 F.4th 1101 (Fed. Cir. 2021) instructive.  There, the court held that "[a]n adjudication of patent infringement allegations or a patent's validity are patent-centric considerations."  *Id.* at 1109.  Therefore, "the mere possibility of some factual relevancy between the allegations of breach of the NDA and potential evidence" is "too attenuated" to place the Parties' respective claims and defenses "within the scope of an agreement that was always about protecting confidential information and was never about patent rights." *Id.* at 1109.  Here, Plaintiff's FAC has not alleged a breach of the Agreement—only claims related to patent infringement.  *See Take2 Techs. Ltd. v. Pac. Biosciences of California, Inc.*,

No. CV 22-1595-WCB, 2023 WL 4930359, at *3 (D. Del. Aug. 2, 2023) ("[A]n NDA, which is directed to protecting confidential information from disclosure by the parties to the agreement, does not govern the parties' rights vis-à-vis the protections aff'ded [sic] by the patent system against the appropriation of intellectual property.") (citing *Kannu* at 1106, 1108-09).

While the Agreement may be used as *evidence* at trial as to issues such as willfulness, the Agreement itself is not Defendant's *defense* to Plaintiff's claims. *See Saint Lawrence Commc'ns* at *5. If the use of an agreement at trial as one of the many bricks in the evidentiary wall to be built before the jury should somehow and without more invoke an FSC contained therein, then every defendant in this posture would be incentivized to claim the agreement was important evidence relating to some issue of triable fact. *Id.* Here, the issue of willfulness as it relates to the Agreement and the Asserted Patents is a matter for the jury to determine as part of the trial. *Id.*

Accordingly, the Court finds the FSC does not apply to this action and proceeds consider the issue of § 1404(a) transfer under *Volkswagen II*.

### C. § 1404(a)

#### 1. Private Transfer Factors

Defendant's briefing does not address the private transfer factors relating to the § 1404(a) analysis, arguing instead the FSC obviates any need to address them. (Dkt. No. 83 at 4) ("Where, as here, a forum selection clause is mandatory and appliable, the private interest factors are not relevant considerations."). Also, Defendant has not elected to address them in the alternative were their position on the FSC to be misplaced. (*Id.*). However, as described herein, the FSC does not apply to this action. As a result, Plaintiff's arguments with respect to the private factors stand unrebutted.

Accordingly, the Court finds that Defendant failed to meet its burden to demonstrate that Plaintiff's patent infringement claims should be transferred to Delaware under any of the private interest factors.

### 2. Public Transfer Factors

#### (a) Administrative Difficulties Flowing From Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved may be a factor." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009). Defendant contends that this factor favors transfer because "[t]he median time of disposing of civil cases in E.D. Texas for the same period was 7.4 months, whereas that time was nine (9) months in D. Delaware—a negligible difference," but Defendant does not explain why a negligible difference favors transfer rather than remains neutral. (Dkt. No. 78 at 15). Plaintiff argues this factor "strongly" disfavors transfer in part based upon a separate calculation regarding time to claim construction in patent cases. (Dkt. No. 82 at 14). Plaintiff further points out, and the Court agrees, that given the amount of time invested in this case in this Court, "it is unlikely that a transferee court could assume responsibility for this case without additional delays." (*Id.*) (quoting *Intertrust Techs. Corp. v. Cinemark Holdings, Inc.*, No. 2:19-CV-00265-JRG, 2020 WL 6479562, at *6 (E.D. Tex. Sept. 30, 2020).

Accordingly, this factor is, at best, neutral.

#### (b) Local Interest in Having Localized Interests Decided at Home

Defendant argues that this factor weighs in favor of transfer because "Plaintiff is a citizen of Delaware," because of the FSC, and because this District does not have a "particularly strong interest in this action." (Dkt. No. 78 at 15). Plaintiff argues that this District has "a strong local interest in adjudicating infringement claims against companies that are based within its borders."

8

(Dkt. No. 82 at 14-15). Although both companies are Delaware corporations, the FSC does not apply, and Defendant's actual operations are located in this District. (Dkt. No. 92 ¶ 11). As such, this District has a material interest in adjudicating these claims.

The Court thus finds this factor weighs against transfer.

### (c) Familiarity of the Forum with Governing Law

Defendant asserts this factor weighs in favor of transfer based on the alleged need to interpret the FSC, an argument which this Court has already rejected herein. (Dkt. No. 78 at 15). Plaintiff appears to contend this factor is neutral. (Dkt. No. 82 at 15).

The Court finds this factor is neutral.

### (d) Avoidance of Unnecessary Conflicts of Law

The Court agrees with the parties that this factor is neutral. (Dkt. No. 78 at 15); (Dkt. No. 82 at 15).

### 3. Result under § 1404(a)

In view of the foregoing factors, the Court must determine whether the District of Delaware is "clearly more convenient" than this District. The Fifth Circuit has been careful to emphasize that district courts should not merely engage in a "raw counting" exercise which tallies up the factors favoring transfer and the factors weighing against transfer. *In re Radmax*, 720 F.3d 285, 290 n.8 ("We do not suggest—nor has this court held—that a raw counting of the factors in each side, weighing each the same and deciding transfer only on the resulting 'score,' is the proper methodology."). Instead, the Court must make factual determinations to ascertain the degree of actual convenience to be achieved, if any, and whether such rises to the level of "clearly more convenient." *See id.* Where the present and proposed forums are both roughly similar in terms of convenience, courts should not conclude that the proposed transferee forum is "clearly more

convenient." *Volkswagen II*, 545 F.3d at 315.  While this Court does not hold that "clearly more convenient" is equal to "clear and convincing," a movant must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning.  *See id.*  When carefully applying the convenience factors and the related factual arguments in each unique case, courts should be careful not to lose sight of the plaintiff's choice of forum and its historical significance in our jurisprudence.  *Id.*  ("[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.").

Having found that Defendant has failed to carry its burden with respect to the private factors and having found one public factor disfavors transfer and three public factors are neutral, the Court accordingly finds that Defendant has not shown the District of Delaware to be a "clearly more convenient" forum for this action.

## IV.    CONCLUSION

In conclusion and considering both the FSC and the individualized weight of the specific factors, the Court finds that Defendants' Motion (Dkt. No. 78) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 11th day of March, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

10